*796 OPINION.
McMahon:
It is the contention of the petitioner that it is entitled to a deduction for depreciation in an amount larger than that allowed by the respondent, for the reason that the respondent’s computation does not allow depreciation upon the assets which had been installed upon the leased premises by the Hazard-Jellico Coal Company. The evidence discloses that these assets did not appear on petitioner’s books at any figure and that respondent did, in fact, fail to take these assets into consideration in computing the deduction for depreciation.
Section 204 (a) and (c) of the Revenue Act of 1924 provides that the basis upon which depletion, exhaustion, wear and tear, and obsolescence are to be allowed in respect of any property acquired after February 28, 1913, shall be the cost of such property, with certain exceptions. One of those exceptions is where one corporation a party to a reorganization exchanges property, in pursuance of the plan of reorganization, solely for stock or securities of another corporation a party to the reorganization. Petitioner’s witnesses refer to tlie transaction between the petitioner and the Harvey Coal Company as a reorganization. However, from the evidence it does not appear that it was a reorganization or that the petitioner comes within any of the exceptions to the rule that the depreciation to which it is entitled must be based upon the cost of the assets to the petitioner. The evidence discloses that the assets of the Harvey Coal Company were transferred to the petitioner for stock.
To establish its right to a deduction for depreciation a taxpayer must show that it owns the property and must also show the amount of its capital investment in such property. Frank Holton & Co., 10 B. T. A. 1317; J. Kearsley Mitchell, 19 B. T. A. 83; and Belt Railway Co. of Chicago, 9 B. T. A. 304; affd., Belt Railway Co. of Chicago v. Commissioner, 36 Fed. (2d) 541; certiorari denied by Supreme Court, 281 U. S. 742.
We have been furnished with evidence as to the cost of certain assets to the Hazard-Jellico Coal Company and witnesses for petitioner testified that the value of these assets, when they were turned *797 over to the Harvey Coal Company, was their cost, to the Hazard-Jellico Coal Company less ordinary depreciation. However, there is no evidence to show how much stock petitioner issued for such assets, the value of the stock issued therefor, or the value of the assets at the time they were acquired by petitioner. We are thus unable to determine the cost of the assets to petitioner. Furthermore, the lease whereby Harvey Coal Company originally acquired possession of the mine in question is not in evidence and we can not determine whether or not, under the terms of that lease, the Harvey Coal Company acquired title to any additional assets installed by the Hazard-Jellico Coal Company. It is possible that title to such assets vested in the owner of the premises, that under the order of the receivership court the Harvey Coal Company simply reacquired the lease and that there was no sale of the additional assets in question to this petitioner. In such a situation we are precluded from allowing petitioner any deduction for depreciation upon such assets.
It is also contended by the petitioner that the respondent, in computing the deduction to which the petitioner is entitled on account of depreciation on buildings, tipples, and furniture and fixtures, erred in using a rate of 5 per cent instead of 10 per cent.
Section 234 (a) (7) of the Kevenue Act of 1924 provides as follows:
(a) In computing the net income of a corporation subject to the tax imposed by section 230 there shall be allowed as deductions:
*******
(7) A reasonable allowance for the exhaustion, wear and tear of property used in the trade or business, including a reasonable allowance for obsolescence.
The rate of depreciation is the only question presented by this allegation of error. The respondent has calculated depreciation upon the assets in question for the entire year 1924 to be $3,576.25, by using a rate of 5 per cent and for the taxable period in question has allowed petitioner two-twelfths of that amount as a deduction. Two well qualified witnesses for the petitioner testified that at the time petitioner acquired such assets their useful life was 10 years. This evidence was not controverted in any way and we therefore hold that the petitioner is entitled to depreciation upon such assets at the rate of 10 per cent, resulting in a deduction for depreciation on such assets in the amount of two-twelfths of $7,152.50, instead of two-twelfths of $3,576.25. Adjustment will accordingly be made under Rule 50. See Murphy Oil Co., 15 B. T. A. 1195, and Western Wheeled Scraper Co., 14 B. T. A. 496.

Judgment will Toe entered under Rule 50.